THE ATTORNEY GENERAL
OF TEXAS
GERALD C. MANN
ATTORNEY GENERAL
AUSTIN 11, TEXAS


February 3, 1939

Honorable K. D. Hall
County Attorney
Refugio, Texas

Dear Mr. Hall:

Opinion No. 0-121
Re: Whether Accrued Interest
on Road Bonds sold Subsequent
to their Date Should be Placed
in Bond Fund or Sinking Fund

Your request for an opinion covering the above captioned
question has been received by this office.

Briefly, the facts which give rise to your question are
as follows:

Road District No. 2 of Refugio County voted and sold
$180,000 in road bonds, and which sale was made subsequent to the
date of the bonds and on which there had accrued $980.00 in inter-
est. This sum, in addition to the face amount of the bonds, was
paid to your county.

The laws of this State do not undertake to prescribe the
procedure to be employed by a county in accounting for the dispo-
sition or allocation of bond proceeds; however, it does define the
purposes for which bonds may be issued and the manner of issuing
them. The expenditure of the funds received from a sale of bonds,
legally issued, is a matter for the governing body to determine
subject to judicial control only in case of abuse of their discre-
tion.

The statutes provide that bonds shall never be sold for
less than par and accrued interest to date of sale. The authori-
ties are in accord with the conclusion that the par value of an
interest-bearing bond on the date of issuance is a value equal to
the principal thereof, and on any day subsequent to its issuance
it is a value equal to the principal plus the accrued interest.

The nominal or par value of such a bond necessarily increases with each succeeding day by the amount of interest accrued which on its face it promises to pay. Hence, the money received from the sale of bonds at par plus accrued interest represents the par value of the security.

The total face amount of the bonds issued and sold represents the maximum amount authorized by the voters, or a diminished part thereof, and interest accruing on such bonds issued but not yet sold is specifically an accrued liability against the issuing body, and which must be discharged out of taxes levied and collected for that purpose. Accordingly, the sum received as accrued interest in the sale of the bonds should properly be an offset to such accruing liability. Hence, it is the opinion of this department that the correct procedure would be to credit such sum to the interest and sinking fund, thereby insuring the taxpayer the benefit of the offset.

We further hold that your action in crediting the accrued interest to the interest and sinking fund was proper and in harmony with this ruling.

Yours respectfully

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe
Assistant

CEC-S-LM

APPROVED:

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS